RAFAEL FUSTER Y FUSTER, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 663.   Argued July 15, 1929.—Decided November 22, 1929.

*F. Beiró Rovira,* for petitioner.   The respondent judge appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Rafael Fuster y Fuster brought an action of debt in the District Court of Guayama against América Paonessa and Julia B. de Moya on a promissory note for $500, with interest at 12 per cent annually in case of default, subscribed by the defendants *in solido* to the order of Fuster on January 13, 1928, before notary Arcilio Alvarado, and due prior to the filing of the complaint, wherein it was alleged that the defendants refused to pay the debt.   Julia Brenes de Moya, one of the defendants, filed a motion to strike out which was partially granted, and the plaintiff filed an amended complaint which contained the same essential averments of the original complaint.   Thereupon the defendant demurred.   In the decision on the demurrer the court held that the consent of the husband of defendant Julia Brenes de Moya did not appear from the promissory note and, sustaining the demurrer, it ordered that the said defendant be stricken out from the case; where-

upon the plaintiff asked for a judgment dismissing the complaint as to Julia Brenes de Moya so that he might take an appeal. This motion was overruled by the court on the ground that it had no jurisdiction to entertain the motion, as defendant Julia Brenes de Moya had been stricken out from the action and the other defendant had defaulted. This decision has given rise to the certiorari proceedings herein.

In deciding the demurrer the district court should have confined itself to sustaining or overruling the demurrer and to entering judgment thereafter as of course or on motion of either party. The ''striking out'' of a party in the manner done in the case herein is not warranted by law. A party may be stricken out in pursuance of a judgment on the demurrer, which, in a case like the present one, is the proper way to do it.

The jurisprudence cited by the petitioner—*Torres* v. *Calaf*, 17 P.R.R. 585, and prior decisions therein confirmed; also *González* v. *Malgor*, 27 P.R.R. 354—is applicable in so far as it holds that decisions on demurrer do not determine a case, and that it becomes necessary that they should be entered as judgments in order to become appealable. The procedure to be followed was further clarified in *Medina* v. *Montalvo et al.*, 38 P.R.R. 461, wherein we said that an order directing that judgment be entered can not take the place of the judgment itself, but that the judgment should be entered and a copy thereof attached to the record on appeal.

Indeed the decision of the court could and should have been supplemented by the judgment, especially since it was so requested expressly by the plaintiff. Otherwise, the latter would be deprived of his right of appeal for want of an appealable decision.

The court retained jurisdiction over Julia Brenes de Moya, in regard to whom no judgment had been entered. As to her, the case had not been finally determined and the court was in a position to render the judgment sought.

The petition herein must be granted and the order reviewed set aside, and a final judgment directed to be rendered in accordance with the motion of the plaintiff.